| 8 | 489 |
| 111 | 678 |
| e111 | 681 |
| e111 | 687 |

## SHANE & WITHERS vs. WITHERS'S LEGATEES.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

As a general rule in all testamentary dispositions of property, or dispositions *causa mortis*, the words *estate* and *succession* are to be taken and construed as synonymous.

Where a testator wills to his wife and two sisters, each *one third part of his whole estate*, having no forced heirs, they will be considered as universal legatees, succeeding to the whole of the estate of which he died possessed, to the exclusion of all others.

Universal legatees having the seizin of the estate under the will, hold the place of heirs instituted by testament.

This is an action by five of the sisters and heirs at law of the late William Carr Withers, against his widow and two other sisters, whom he instituted his heirs and universal

62

EASTERN DIST.
June, 1835.

SHANE & WITH-
ERS
vs.
WITHERS'S LEGA-
TEES.

legatees under his will, to the exclusion of all his other relations; in which they claim a division in equal proportions, of all their brother's estate which was *acquired* between the date of the will and the death of the testator; and, also, to annul a donation *inter vivos* of a valuable *lot* of ground to Sarah Ann Withers, his sister, and one of the defendants, by her said brother, on the ground that she was a minor, and incapable of accepting the donation without the assistance of a curator; and that it makes no estimate of the value of the lot, but contains conditions and reservations contrary to law.

The defendants answered separately, and pleaded a general denial, and claimed the whole of the estate and property of which the testator died possessed, under the will.

The validity of the donation which is attacked in this suit, was determined and settled in favor of the donees, before the decision of this case and abandoned. See 6 *Louisiana Reports*, 231.

This case depends mainly for solution on the interpretation of the will of the deceased. The following extracts from the opinion of the District Court, contain the material facts of the case.

In 1823 W. C. Withers made his will in the following terms:

"New-Orleans, July the 16th, 1823, I, W. C. Withers, of the city of New-Orleans, do make this my olographic will, as follows, to wit: I do bequeath to my wife, Margaret Delia Withers, one-third part of my whole estate; I also bequeath to my sister Sarah Ann Withers, one-third part, I also bequeath to my sister Margaret Withers, one-third part of my whole estate; and finally I do, by these presents, appoint my wife Margaret Delia Withers, and Martin Gordon, and Thomas S. Kennedy, my executors; and they are hereby empowered and authorised to make an inventory, and to take full possession of all my estate, without the intervention of any court of judicature in this or any other state in the Union."

(Signed,)        W. C. WITHERS.

Beside the two sisters named legatees in the will, W. C. Withers left five other sisters, who are the plaintiffs in this suit.

EASTERN DIST.
*June*, 1835.

SHANE & WITH-
ERS
*vs.*
WITHERS'S LEGA-
TEES.

Withers died in 1829, and the question raised is, whether the legatees named in the will, take all the property of which Withers died possessed in 1829, or only the property of which he was possessed on the 16th July, 1823.

The supposed difficulty in this case is considered to arise mainly out of the following articles of the Code, on the subject of donations and testaments. "Article 1713: a disposition, couched in terms present and past, does not extend to that which comes afterwards: for example, a legacy of all the books a testator possesses, does not include those which he has purchased since the date of his testament."

"Article 1714: a disposition couched in the future tense, refers to the time of the death of the testator: thus, a legacy of all the furniture there shall be in the house of the testator, includes that which he has purchased since the date of the testament, as well as the rest."

"Article 1715: a disposition, the terms of which express no time, either past or future, refers to the time of making the will; thus, when a testator expresses simply, that he bequeaths his plate to such a one, the plate that he possessed at the date of the will, is only included."

These rules are sound, because they have a direct tendency to establish the intention of the testator, but they are not supposed to have any special application to this case.

The counsel for plaintiff has urged that these rules are to be applied with rigor in the construction of all legacies, because they are placed in a section under the head of general rules for the interpretation of legacies; but this is not conclusive, and scarcely plausible reasoning. The general rules contained in that section are to be applied to legacies, according to their respective natures and qualities, whether general or special, on an universal or particular title: *reddendo singula singulis.* Some of those rules apply exclusively to legacies on a particular title, and those pressed on the attention of the court, seem to be more particularly of that character.

The counsel of both parties refer, in a great measure, to the same authorities, which proves that a just settlement of

EASTERN DIST.
June, 1835.

SHANE & WITH-
ERS
vs.
WITHERS'S LEGA-
TEES.

the case depends on sound distinctions; almost all the cases which plaintiffs' counsel bring in support of the position taken by them, are cases of specific legacies of moveables.

The word estate, which is used in the will, is precisely a word of universality; and, like the *peculium* of the slave, admits of increase or diminution, during the life of the testator.

Upon any other construction a singular anomaly might exist. In 1823, Withers might have owned two hundred thousand dollars in land, slaves, money, &c., over and above his debts: before 1829 he might have exchanged, sold, &c., and bought other property, and not to be worth more than two hundred thousand dollars; but the defendants would not have been entitled to a greater share than relations of equal propinquity: such, clearly, was not the intention of the testator.

The word estate is used in many articles of our Code, when speaking in relation to a person deceased, as equivalent to succession. Had the testator used this word, there could not have been the slightest doubt. The testator used the word in relation to his own decease, and I think it equivalent to succession. It is clearly so in the last place, where it is used where he directs his executors to make inventory and take possession of all his estate, without the intervention of any court, &c. Unless the sense require it, it is usual to construe the same word in the same sense, when it occurs several times in the same instrument.

The form of expression used in this will, clearly amounts to an institution of heir, and is such in substance. He institutes his wife and two sisters, his heirs, each for a third of his estate or succession.

Judgment was rendered for the defendants. The plaintiffs appealed.

*Crawford*, for the plaintiffs, made the following points:

1. That the dispositions contained in the testator's will, express no time, neither past nor future, and should have

been construed as referring to the time of making said will, according to the *Louisiana Code*, *article* 1715.

2. That it was not in the power of the testator to pass the estate acquired or accumulated, since the date of the will, without some expression therein, showing such intention.

3. That the testator had no such intention of disposing of his future property acquired or accumulated, since the date of his will, is evident from his omission to do so; and the great change in his affairs, and the great length of time, between the date of his will in 1823, until his death in 1829.

4. That the will does not convey to the appellees the property acquired since its date, there being nothing to give it a future operation.

5. That the will should have been construed as a species of conveyance, subject to the same legal construction of ordinary conveyances.

That the District Court should have decided in favor of the appellants, for their proportionable parts of the testator's estate, acquired since the date of the will.

*Eustis, Preston* and *Conrad,* for the defendants.

1. From the *terms* of the will it is evident, that the testator did not intend to die intestate as to any portion of his *estate.*

2. This construction is fortified by the relations which existed up to the time of the decease of the testator, between him and the defendants. See *testators of Burthe.*

3. The article 1715 of the Civil Code applies to *particular* legacies only.

4. The intention of the testator must always govern in the construction of wills, where the terms admit of doubt.

*Hennen,* for the plaintiffs, in reply.

1. The only question, is that arising out of the interpretation of the will of the testator : Is the rule of the Louisiana Code, article 1715, to be applied in this case ? The plaintiffs maintain that it is the only rule, and urge for it the following considerations :

Testamentary dispositions of whatsoever kind, are to have their effect according to the rules established in this *Code,*

EASTERN DIST.
June, 1835.

SHANE & WITH-
ERS.
vs.
WITHERS'S LEGA-
TEES.

article 1598. No other rules of any other system of juris-prudence are to be invoked; the rules here stated, are considered as sufficient and must apply in all cases. However hard or arbitrary they may appear in particular instances, the courts must be bound by them, for such is the positive enactment of the legislature.

2. *The defendants claim under the will as legatees,* and must be bound by the rules of law applicable to legacies. If it is doubtful whether a greater or less quantity has been bequeathed, it must be decided for the least, *article* 1710. And in pursuance of the same principle, it is also a rule, that where the testator speaks not of his property, in reference to the past or the future, it shall be considered that he disposes only of the property owned by him at the time of making his will, *article* 1715. This would appear indeed, to be only a deduction from the rule of the article 1710. Now, this rule of article 1710 will be admitted, I presume, to apply to all legacies; if so, why not the rule of article 1715 likewise? What reason can be given therefor? The defendants say, that it must apply only to particular lagacies.

3. But where do they find any ground for this limitation? They have produced no authorities for it from the Code; nor any Spanish writer. It is not recognised in the Roman or the French law. See *Merlin's Rep. verbo* "*Legs.*," *section* 4, *No.* 17.

4. But if the rule is established by the Louisiana Code, then is it binding on the court, and we can go no further. To the code only the plaintiffs refer, and I consider the rule as established there conclusively; and by it, they consider the judgment of this court should be in their favor.

The intentions of the testator, if critically examined, will appear, on mature reflection, to support this rule of inter-pretation, which the plaintiffs invoke.

*Mathews, J.,* delivered the opinion of the court.

In this case the plaintiffs sue as heirs of their brother, to recover a portion of his estate or succession, now in the

possession of the defendants, and by them claimed as universal legatees, in equal portions.

Judgment was rendered in the court below, for the latter, from which the former appealed.

The decision of the cause depends on the interpretation of an olographic will, made by W. C. Withers, bearing date the 14th of July, 1823, in which he bequeathed to his wife one-third part of his whole estate, to his sister Sarah Ann one-third, and to his sister Margaret one-third, &c., and appointed his wife, Margaret Delia, Martin Gordon and Thomas Kennedy, his testamentary executors, authorising them to make an inventory, and take possession of all his estate, without the intervention of any court of judicature, &c.

All the plaintiffs and two of the defendants, stood in the same degree of relationship to the testator. He lived about six years after the date of his will, and during that period increased considerably his fortune or estate, and the plaintiffs claim to partake of this increase, and share the property thus acquired by their brother, with their sisters Sarah Ann and Margaret, as co-heirs, &c.

The testator having no forced heirs, had a right to dispose by will, of all his estate or succession, and the question is, whether by the testament, as above stated, he intended to give his entire estate to the persons then designated, to take the whole in equal portions. Did he intend to give all the property constituting his succession at the time of his death, or only that which he had at the date of his will?

The fundamental rule in the interpretation of testaments, requires a process of reasoning, by which the intention of a testator may be discovered, whenever his will is expressed in doubtful and ambiguous terms, containing dispositions of uncertain import. To this rule all others established by law, should be made subservient. The cases of uncertainty in all written instruments are various, besides the obscurity appertaining to language, from the different meanings in which the same words may be used, doubts may arise in relation to time or quantity. The will now under consideration, if it be not so plainly expressed as to preclude every

EASTERN DIST.
June, 1835.

SHANE & WITH-
ERS
vs.
WITHERS'S LEGA-
TEES.

species of construction, is subject to interpretation, only as it regards the amount of property disposed of by the testator, and the time at which that amount is to be estimated. In truth a doubt as to the quantity given to the legatees, could not possibly arise in any other way, than in relation to the time at which the estimate is to be made.

The testator explicitly disposes of the whole of his estate to three persons, who are appointed to take by equal portions. The whole passed into the hands of his executors, by the terms of the will. In administering, they were clearly bound to collect all his property, and after the payment of debts, to distribute the remainder according to the provisions of the

As a general rule in all testamentary dispositions of property, dispositions causa mortis, the words estate and succession are to be taken and construed as synonymous.

testament. It might perhaps be correctly assumed, that in all dispositions *causa mortis*, the words estate and succession are synonymous. However this may be, generally speaking, it cannot be doubted, according to the seizin granted to the executors in the present instance, that the word estate was used as an expression of the same sense and meaning, which would follow from the term succession. Viewed in this light, it would seem to require great acuteness and ingenuity, to raise a doubt as to the real intention of the testator, were it not for some rules found in our code, relating to the interpretation of legacies.

Where a testator wills to his wife and two sisters, each one-third part of his whole estate; having no forced heirs, they will be considered as universal legatees, succeeding to the whole of the estate of which he died possessed, to the exclusion of all others.

Before considering these rules, it is proper to ascertain the relation in which the defendants stand, to the estate or succession of the deceased. Believing as we do, that he did not intend to die intestate, as to any part of his succession, his legatees must be considered as having succeeded to the whole, according to the definition given by the code, of universal legacies. Article 1599 of the Louisiana Code, declares an universal legacy to be a testamentary disposition, by which the testator gives to one or several persons, the whole of the property which he leaves at his decease. The articles immediately following, provide for cases when a testator leaves forced heirs, and are not applicable to the present, except the article 1602, which gives seizin of right to universal legatees, when there are no forced heirs. A sound interpretation of these articles of the

EASTERN DIST.
*June,* 1835.

code, leads fairly to the conclusion, that universal legatees, situated like the defendants, hold the place of heirs instituted by testament.

Viewed in this manner, the rules for the interpretation of legacies, are wholly inapplicable to the present case. Indeed, from the examples given to illustrate them, it would appear, that they must find their application exclusively to special legacies, or dispositions made by a testator, of some determined portion of his estate, designated in *genus* or species.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.