On Application for Rehearing.
(Feb. 1, 1904.)
LAND, J.
In our original opinion, after reviewing the jurisprudence of the state, we said “that the disposition which purports to dispose of all or the residue or balance of the testator’s property, though not couched in future terms, ' must be held to speak as of the date of the testator’s death, unless there be something else in the will which manifestly precludes such an inference.” The principle that a will “speaks from the death of the testator” was reiterated in Succession of Allen, 48 La. Ann. 1046, 1047, 20 South. 193, 55 Am. St. Rep. 295. We affirmed this principle, and, applying it to the will of Mrs. Hutchinson, reached the conclusion that it was her intention to bequeath and devise all the property which she possessed at the date of her death. The thing bequeathed is *687 described as “all the property I possess, real and personal, movable and immovable.”
“At common law, a general bequest of all the testator’s personal estate, or all the residue .of his personal estate, carries all his, personal estate existing at the time of his death; and the better opinion is that, upon the same principle, a bequest of all the property of a particular kind or description, as ‘all household goods,’ carries property of this description belonging to him at his death.’’ Am. & Eng. Ency. Law (1st Ed.) 359, 360. But where a testator refers to a specific subject of gift, or property of a particular description, the rule is different. Id. 360, 361. A bequest of “all the property I am possessed of” would speak from' the death. Wolde v. Holtzner, 5 Ves. Jr. 816; Am. & Eng. Ency. Law (1st Ed.) 361, note 2.
In Shane v. Withers, 8 La. 489, our predecessors held that the rules for the interpretation of legacies contained in the Civil Code do not apply to universal dispositions of property, but, in their opinion, must find their application exclusively to special legacies. In that litigation it was contended that as the testamentary dispositions expressed no time, neither past nor future, they should be construed, as referring to the time of the making of the will. The same contention was again raised and overruled in the Oases of Burnside and Marks, and the principle announced in those decisions has been followed in the Cases of Blakemore and Succession of Allen.
Considering that the rule of stare decisis should be applied, we declined to reopen this vexed question in our state jurisprudence, and the careful perusal of all the very able and learned briefs filed by counsel for plaintiffs has not changed our opinion. The doctrine announced by our predecessors is in accord with the jurisprudence under the French Code. This is not denied, but, in their brief, counsel argue that there is a distinction between “all my property” (“tous mes biens”), and “all the property I possess.” This contention was considered in our original opinion. The doctrine is also in accord with common-law jurisprudence, which draws the same distinction between general and particular bequests. “If the language is general, not specific, and not limited, the will speaks from the testator’s death.” Gold v. Judson, 21 Conn. 622. See Succession of Allen, 48 La. Ann. 1046, 1047, 20 South. 193, 55 Am. St. Rep. 295. This doctrine is not derived from statutes, but from the nature of last wills and testaments, and must be reasonable, since it has become a rule of general jurisprudence. Plaintiffs’ argument rests on the assumption that the provisions of articles 1720; 1721, and 1722 of the Civil Code apply not only to particular, but to general, dispositions in testaments. The same contention was made in 1835 in Shane v. Withers, and was renewed and overruled in the Burnside and Marks Cases. We are not prepared to make a change in the existing jurisprudence on this subject. The principle of stare decisis is applicable.
Rehearing refused.