72 So.2d 262

**Succession of DOUGLASS.**

No. 41304.

March 22, 1954.

Rehearing Denied April 26, 1954.

W. F. Kline, Richard Kilbourne, Clinton, for appellants.

Philip K. Jones, Baton Rouge, Woodrow W. Overton, Clinton, for appellee.

HAMITER, Justice.

Miss Mattie R. Douglass died at her domicile in East Feliciana Parish on January 19, 1951. In an olographic will left by her, dated December 3, 1946, she first expressed a desire for the payment of her just debts; next she made separate bequests of two parcels of real estate; and then she wrote:

"Alvin Ray Valentine, James Lee Valentine, Jr., and Gerald Ray Valentine to share in the contents of my dwelling house.

"It is my desire that the two children get the Painted Photo of their Father's.

"I will and bequeath to James Lee Valentine, Jr., born March 30th, 1943, and Gerald Ray Valentine, born September 5th, 1944, share and share alike all my Bonds, Money, or other personal property of which I may die possessed.

"It is my wish and desire that if either James Lee Valentine, Jr. should die before he reaches Twenty-one (21) years of age,

or, Gerald Ray Valentine should die before he reaches Twenty (20) years old, then in that case, the one living to receive all the Bonds, Money, or other personal property.

"It is my wish and desire that my Brother, R. G. Douglass, and son, A. D. Douglass, be appointed as Co-Executors of my Estate at my death, and I appoint them, and dispense of them the obligation of giving bond; and in the event of one's death, the other shall continue to act without another being appointed."

The will was duly probated on the petition of the executors named therein and they, after taking the oath and receiving letters testamentary, proceeded to carry out its provisions. In this connection they sold some of the property, pursuant to orders of court, for the purpose of paying debts and as a means of preserving the assets of the estate. Thereafter, they undertook to deliver all of the legacies listed in the will, except those made to the minors James Lee Valentine, Jr., and Gerald Ray Valentine (great grand nephews of the testatrix) which they decided to withhold.

To obtain possession of these withheld legacies Mrs. Beatrice W. Valentine, the mother and natural tutrix of such minors, filed this suit against the executors (the presumptive heirs and the other legatees were not made parties) alleging a failure and refusal of delivery. It was the second proceeding instituted by her for that purpose (the first was abandoned), and in the prayer of the petition she demanded judg-

ment recognizing her children as particular legatees of Miss Mattie R. Douglass and entitled, through petitioner, to the ownership and possession of the property bequeathed to them. In the alternative she asked recognition for them as residuary legatees.

Answering, the executors affirmatively averred: " * * * that under the express provisions of the last will and testament of the decedent, the bequest to James Lee Valentine, Jr. is conditioned upon his reaching the age of twenty-one years and the bequest to Gerald Ray Valentine is conditioned upon his reaching the age of twenty years.

"That James Lee Valentine, Jr. has not reached the age of twenty-one years and Gerald Ray Valentine has not reached the age of twenty years.

"In the alternative and in the event that the bequests to James Lee Valentine, Jr. and Gerald Ray Valentine are not conditional legacies as aforesaid, respondents aver that it was the intent of the testatrix that respondents, as executors of the will of the testatrix, hold the property bequeathed to James Lee Valentine, Jr. and Gerald Ray Valentine in trust until such time as they reach the ages of twenty-one years and twenty years, respectively."

The prayer of defendants was that the demands of petitioner be rejected and this suit dismissed at her costs.

In the trial of the case the contention of the defendants (in keeping with the affirmative averments of their answer) was that the legacies in question, while valid, were made conditional in that delivery thereof was not to take place until the minors attained the ages of twenty-one and twenty years, respectively. Rejecting this conditional theory, the district court rendered judgment recognizing the minors as residuary legatees of decedent and ordering that they be placed in possession, through their tutrix, "of all of the property remaining to the late Miss Douglass after payment of the debts of the succession and the other legacies."

The executors appealed from the judgment, and in this court they filed an exception of no cause of action. Under this exception they now plead, for the first time, that the bequests in favor of the two minor children of plaintiff contain a prohibited substitution and, therefore, are null and void.

Objecting to this new plea, and pointing out that it is inconsistent with the original defense and is not urged in the alternative, counsel for appellee state in their brief: "In the lower court, the defendants-appellants insisted that the legacies were valid, but conditional, whereas now they additionally insist that the legacies are invalid. Thus it appears that they have adopted contradictory defenses. It is obvious that the bequests are either valid or they are invalid. Counsel for the plaintiff-appellee feel that the defendants have bound themselves by their earlier pleadings and their

judicial admissions and that the contradictory position which they now assume, and particularly the exception of no cause or right of action, should be denied them."

■ Authority for the filing of an exception of no cause of action in this court is to be found in Code of Practice Article 902 which reads in part: "Although in general parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it *may* depart from this rule, when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record." (Italics ours.) Under that codal provision, it will be noticed, this court has the right to consider appellants' exception; however, it is not obligated to do so, as clearly appears from the use of the discretionary vesting word "may". To such effect was a ruling in Gregory v. Hardwick, 218 La. 346, 49 So.2d 423, 425 (respecting a similar exception filed here), we having therein observed: "In this court defendant (appellee) filed an exception of no cause of action, and he has argued it along with his exception of no right of action. It is doubtful that we are required to determine the exception of no cause of action filed here, inasmuch as a similar exception was not passed upon by the district court. Nevertheless, we have the right, under Code of Practice, Article 902 and the jurisprudence

of this court, to entertain it; and we shall give it consideration, as well as the sustained exception of no right of action on which the district court's judgment of dismissal is based, particularly since appellants' counsel offer no serious objection to our so doing. * * *"

■ In the instant case appellee's counsel does strenuously object to a consideration of the exception filed here, as is pointed out above, especially since the question raised by it is diametrically opposed to the principal issue on which the case was tried and decided in the district court and reurged on this appeal. Interesting to notice also is that those here charging the existence of invalid bequests in the instant will (by way of the exception) are only the qualified and confirmed testamentary executors (appointees and representatives of the testatrix), the duties of whom ordinarily would be to champion and defend the validity of the testament under which they are appointed and to faithfully carry out the wishes expressed by the decedent. Again, it may be observed that the numerous presumptive heirs of this testatrix have not been made parties to this litigation, as is usually done when a universal legacy is attacked as being null and void. Wherefore, by reason of these significant circumstances and in the exercise of the discretion vested in us by Code of Practice Article 902, we have concluded not to entertain appellants' exception of no cause

of action filed here or to determine the question sought to be raised thereby.

 This conclusion leaves only the issue tendered by defendants in the district court, and again urged here, of whether the testatrix intended that the property bequeathed to the minors (assuming that the bequests were valid) should be withheld from them until they attain the ages of twenty-one and twenty years, respectively. It, in our opinion, was correctly resolved in favor of plaintiff.

Directly relating to the disputed bequests are two paragraphs of the will (above quoted). By the first of these the testatrix bequeathed to the minors (their names and dates of births are listed) "share and share alike all my Bonds, Money, or other personal property of which I may die possessed." This paragraph, considered alone, clearly indicates that the bequests were to take effect on the death of the testatrix.

But in the next paragraph, which furnishes the basis for the dispute, she expressed her "wish and desire" that should either minor die before reaching a specified age "then in that case, the one living to receive all the Bonds, Money, or other personal property." As to what the testatrix actually contemplated by the language of the second paragraph we need not and do not now determine. It might well be that she had in mind the matter of accretion, as in a conjoint legacy, in the event one of the minors predeceased her; or

perhaps she sought to make only a precatory suggestion respecting the future course of the property; or maybe she was attempting some kind of substitution or other arrangement to become effective after her death. But whatever was her real design, we are satisfied that she did not intend the executors to retain possession of the property until the minors attained the recited ages. There is nothing in any of the provisions, as we appreciate them, to justify the proposed withholding action.

For the reasons assigned the judgment appealed from is affirmed. All costs shall be paid out of the funds of the succession.