HALL, Judge.
On November 14, 1962, plaintiff, operator of a radio station in New Orleans filed suit against defendant to collect $6,375.00 allegedly due by defendant for radio advertising time. The main suit has never been tried. In fact answer thereto has never been filed.
Commencing on January 16, 1963 a series of five certain exceptions and motions were, filed in this suit, four on behalf of plaintiff and one on behalf of defendant as hereinafter shown. These five exceptions and motions were heard by the Court on March *862 ■t?, 1963 and on March 11, 1963 the District Judge rendered one judgment in which he ruled separately on each exception and motion. Plaintiff, being of the opinion that •certain of the rulings contained in the judgment might be considered inconsistent with other rulings therein contained, which inconsistency he attributed to an error made in the drafting of the judgment (defendant •admits that the inconsistency was probably •due to an error in drafting). Instead of filing a simple rule to clear the matter up •plaintiff sought to remedy the same by filing •an action in nullity directed at certain parts •of the judgment of March 11. Plaintiff •expected, apparently with reason, that defendant would submit the matter to the 'Court without objection or trial. Instead, •defendant, after having accepted service ■on the petition for nullity, filed an answer •thereto on April 23, 1963, some days before the petition was actually filed. Plaintiff filed his petition on April 29, 1963 and presented it to the District Judge, who on the same day, apparently being in ignorance •of the answer filed by the defendant and ■apparently being under the impression that he was rendering a consent judgment, sign■ed an ex parte judgment in favor of plaintiff annulling his judgment of March 11, 1963 and substituting a recast judgment in ■its stead.
Defendant prosecutes this appeal from that judgment. In addition defendant has filed in this Court an exception of no cause •or right of action directed at plaintiff’s petition for nullity.
The five exceptions and motions ruled ttpon by the District Judge in his original judgment of March 11, 1963 are as follows together with his original rulings thereon:
(1) Exception of non-joinder filed by defendant on January 16, 1963. Dismissed.
(2) Exception of prematurity filed by defendant on February 12, 1963. Overruled.
(3) Motion or rule filed by plaintiff on February 19, 1963 calling upon defendant to show cause why defendant’s exception of prematurity should not be dismissed. Dismissed.
(4) Motion by defendant filed February 20, 1963 to be relieved from filing answer until such time as there is a determination of the question whether or not this case should be consolidated with another proceeding then pending. Dismissed.
(5) Exception filed by defendant on March 4, 1963 in which defendant excepts to plaintiff’s motion or rule (no. 3 above) to dismiss defendant's exception of prematurity. Maintained.
Plaintiff’s action in nullity was in effect aimed at the rulings in numbers (3) and (5) only, and while the District Judge in his judgment of April 29, 1963 nullified the original judgment of March 11, 1963 in toto he also rendered a recast judgment which is identical w.ith the original judgment except with reference to the ruling in number (3) which he changed from “Dismissed” to “Maintained” and his ruling in number (5) which he changed from “Maintained” to “Dismissed”.
Defendant-appellant’s exception of no cause or right of action which he filed in this Court under the authority of Succession of Douglass, 225 La. 65, 72 So.2d 262 and under LSA-C.C.P. Art. 2163 is in our opinion well taken.
Articles 2001 through 2006 of the Code of Civil Procedure (LSA-C.C.P. Arts. 2001-6) provide four grounds upon which a judgment may be nullified, and these grounds are exclusive. See Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521; Comment (e) to LSA-C.C.P. Art. 2002. None of these grounds are alleged in plaintiff’s petition for nullity. The only ground alleged therein is “that the judgment rendered on March 11, 1963 was not in accordance with the law or the evidence presented *863 in open court on March 8, 1963. Clearly plaintiff’s petition does not state a cause of action for nullity. Besides this it would appear that only final judgments are subject to the action in nullity. See LSA-C.C.P. Art. 2001 et seq. Moreover, the judgment on the action in nullity was signed ex parte without any hearing.
Plaintiff’s counsel fears that if the judgment of April 29, 1963 is reversed and the original judgment of March 11, 1963 is thereby reinstated the inconsistencies which he professes to see between the various rulings in the original judgment will be perpetuated.
The ruling in the original judgment which we have referred to as no. (3) was on plaintiff’s motion to dismiss defendant’s exception of prematurity and the ruling which we have referred to as no. (5) was on defendant’s exception to plaintiff’s motion (no. 3) to dismiss defendant’s exception of prematurity. Neither the motion (no. 3) nor the exception (no. 5) are allowable pleadings under Louisiana law. Article 8S2 of the Code of Civil Procedure (LSA-C.C.P. Art. 852) provides that:
“ * * * No replicatory pleadings shall be used and all new matter alleged in exceptions, contradictory motions, and answers, whether in principal or incidental action, shall be considered denied or avoided.”
The only proper ruling which the District Judge could make with reference to numbers (3) and (5), if he were disposed to rule at all, would be to order same stricken from the record. Neither of these two purported pleadings nor the judge’s rulings thereon have, in our opinion, any force or effect under Louisiana law.
For the foregoing reasons defendant’s exception of no cause or right of action filed in this Court is maintained, the judgment of April 29, 1963 appealed from is reversed, plaintiff’s action in nullity is dismissed, and the original judgment of March 11, 1963 is reinstated except insofar as it is inconsistent with the views herein expressed and the cause is remanded to the District Court for further proceedings according to law not inconsistent herewith. Costs of this appeal to be borne by appellant and appellee in equal proportions, costs in the District Court to await final determination of the cause.
Exception of no cause or right of action maintained; judgment appealed from reversed; the action in nullity is dismissed; original judgment of March 11, 1963 reinstated as indicated, and cause remanded.