LOTTINGER, Judge.
This is a suit on a promissory note. The original petition was filed under the name of Capital Loans, Inc., as petitioner, however, by amendment the name Capital American Acceptance Corporation was substituted as petitioner. The defendant is Victor B. Stassi. The Lower Court awarded judgment in favor of petitioner and against defendant in the sum of $1,127.00, less credits of $273.80, thus making a balance in said judgment of $853.20. The Court also ordered the petitioner to produce a title certificate on a motor vehicle showing the defendant to be the owner thereof. From this judgment the defendant has appealed.
The basic facts of this suit are not in controversy. The record discloses that on July 29, 1963, one James H. Walden executed his promissory note in favor of petitioner in the sum of $1,642.80. The said promissory note was secured by chattel mortgage executed on the same date and bearing against a Metro Mite truck.
Subsequent thereto, James H. Walden sold a business which he operated under the name “Guaranty Radio and T. V. Repair” to the defendant, Victor B. Stassi. In the document which affected the sale is listed an inventory of the assets of the business as well as a listing of the liabilities which were assumed by the purchaser, the defendant herein. In the listing of liabilities is included an indebtedness to Capital American Acceptance Corporation in the sum of $1,127.00, following which is contained the wording “Metro Mite Truck”. Following the sale of the business, as aforesaid, the defendant herein made four payments on the note held by petitioner in the sum of $273.80, which is the sum of the credit allowed by the Lower Court. The defendant became delinquent in making the monthly payments under the note, and the petitioner chose to sue the defendant, who had assumed the payment of the note.
Following the disposition of various exceptions, Judge Elmo E. Lear of Division E of the Lower Court, signed a judgment in favor of defendant and against petitioner dismissing petitioner’s suit. The record, however, discloses that trial of this matter was held before Judge C. A. Barnett, of Division E of the Lower Court. Subsequently, on September 2, 1965, Judge Barnett of the Lower Court rendered a judgment in favor of defendant dismissing petitioner’s suit. On this same date the petitioner made an oral motion for a new trial. The judgment of Judge Barnett was not signed until September 28, 1965, on which day the petitioner filed a written motion for a new trial. Through error, in this written motion, the petitioner was named as Capital Loans, Inc., instead of Capital American Acceptance Corporation. One of the errors alleged to have been committed by the Lower Court was the granting of the new trial upon the motion of Capital Loans, Inc., which was not a party to this suit. Defendant filed a written opposition to the motion for a new trial in which the error in the name of petitioner was not mentioned. The minute *672 entries in the record disclose that the motion was argued before the Court and the new trial granted. Subsequently, judgment was rendered in favor of the correct petitioner, Capital American Acceptance Corporation. It was not until after the rendition of this judgment that the defendant filed a peremptory exception to the effect that Capital Loans, Inc., lacked the capacity or interest to move for a new trial as Capital American Acceptance Corporation was the owner of the obligation sued upon.
Article 927 of the Louisiana Code of Civil Procedure classifies the objection of lack of interest in the plaintiff to institute suit as among the peremptory exceptions listed therein. According to Art. 928 of the Code of Civil Procedure, the peremptory exception may be pleaded in the trial court at any stage of the proceeding prior to a submission of the case for a decision. As the exception herein was not filed until after the rendition of judgment by the Lower Court, it came too late and, therefore, could not have been considered by the said Lower Court.
 On the other hand, we fully realize that a peremptory exception may be filed for the first time in the Appellate Courts under the conditions set forth in Art. 2163 of the Louisiana Code of Civil Procedure. However, no such exception was filed in this Court, although defendant does plead the failure of the Trial Court to consider his exception as error. The law as set forth in Art. 2163, as well as the jurisprudence thereunder, is clear to the effect that the question of whether or not to consider a peremptory exception for the first time on appeal is left to the discretion of the Appellate Court. Turner v. State Dept, of Highway, 137 So.2d 456; Gregory v. Hardwick, 218 La. 346, 49 So.2d 423; Succession of Douglass, 225 La. 65, 72 So.2d 262.
No end of justice would be served by our consideration of the exception at this stage of the proceeding. It is apparent that the filing of the motion for a new trial under the name “Capital Loans, Inc.” instead of under the name of the real party in interest, was no more than harmless error. It was evidently a result of the mistake committed at the inception of this suit when the original petition named petitioner as “Capital Loans, Inc.”, however, was subsequently amended so as to substitute “Capital American Acceptance Corporation” as the petitioner in this proceeding. As a result of this initial error, this suit has since borne the name “Capital Loans, Inc. vs. Victor B. Stassi”.
The record further discloses that, although the owner of the obligations sued upon was Capital American Acceptance Corporation, this company was a parent company to Capital Loans, Inc., and they were essentially one and the same, particularly insofar as the defendant was concerned. The record further discloses that the judgment appealed from was rendered by the Lower Court in favor of Capital American Acceptance Corporation, the petitioner in interest.
We therefore find no error on the part of the Lower Court with regard to its failure to consider an exception which had not then been filed.
The defendant also claims that the Lower Court erred in modifying its previous judgment of dismissal of the suit, so as to grant a judgment in favor of petitioner and against the defendant. The basis of his argument is that, although it is admitted that the defendant signed the contract wherein he assumed the payment of the indebtedness in the sum of $1,127.00, in truth and in fact at the time of the signing of this contract, the amount owed by the maker of the note and the mortgage was in the sum of $1,642.80. The defendant, therefore, claims that the maker of the note, Mr. Walden, had misrepresented a material fact (the amount of indebtedness on the truck to the defendant) thus invalidating the contract between the two parties.
*673 Article 1819 of the Louisiana Civil Code requires that there be a meeting of the minds of the parties to a contract, and that error or fraud will vitate the consent of either party to the contract. However, the cases cited under Article 1819 of the Civil Code hold that as a condition precedent to an action to annul a contract on grounds of fraud, error or mistake, the complainant must allege and offer to return the work benefits received thereunder, and the refusal of the other party to accept it. Hollinquest v. Kansas City Southern Railway Co., D.C., 88 F.Supp. 905; Rudolf v. Costa, 119 La. 781, 44 So. 477. The record fails to disclose that the defendant offered to return the truck to his vendor, Mr. Walden. Furthermore, the contract which the defendant now claims to be a nullity was a contract between the defendant and Mr. Walden. Although petitioner was a third party beneficiary therein, Mr. Walden is not a party to this suit, and certainly he should be entitled to his day in Court in any action which tends to nullify a contract to which he was a principal party.
This is actually a suit by the petitioner against the defendant upon the assumption of the indebtedness by defendant in the contract between defendant and Mr. Walden dated August 30, 1963. According to this contract, the indebtedness assumed was in the sum of $1,127.00. No mention therein was made of the promissory note nor of the chattel mortgage which were executed by Mr. Walden and which secured his indebtedness to petitioner in the original sum of $1,642.80.
Article 1890 of the Louisiana Civil Code provides as follows:
“A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.”
Article 1902 of the Louisiana Civil Code further provides:
“But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent.”
The cases decided under the above mentioned articles of the Louisiana Civil Code have held that a stipulation pour autrui cannot be revoked after the beneficiary has consented to avail himself of it. Mallet v. Thibault, 212 La. 79, 31 So.2d 601; Pecquet v. Pecquet’s Executor, 17 La.Ann. 204; Moriarty v. Weiss, 196 La. 34, 198 So. 643. A very exhaustive article on the stipulation pour autrui is set forth in 11 Tulane Law Review 18. As the petitioner accepted the stipulation by accepting payments on the note, the defendant is now without power to revoke the stipulation in favor of petitioner.
We, therefore, feel that the Lower Court was correct, and committed no error in rendering judgment in favor of petitioner and against the defendant in the sum of $1,127.00, less credits of $273.80, thus leaving a balance of $853.20. Although the petitioner originally filed this suit for the sum of $1,369.00, allegedly the balance due upon the promissory note, the stipulation pour autrui was only in the sum of $1,127.-00, and the defendant certainly cannot be held liable for any amount in excess thereof. That petitioner has abandoned his right to any claim in excess of the judgment rendered below is shown by its failure to appeal or answer the appeal herein.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.