393 So.2d 461 (1981)
SOUTH LOUISIANA CONTRACTORS, INC., and Insurance Company of North America, Applicants,
v.
Emma Williams FREEMAN et al., Respondents.
No. 8191.
Court of Appeal of Louisiana, Third Circuit.
January 9, 1981.
Rehearing Denied February 12, 1981.
*462 Onebane, Donohue, Bernard, Toria, Diaz, McNamara & Abell, Henry C. Perret, Jr., Lafayette, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and SWIFT, JJ.
GUIDRY, Judge.
We granted a writ of certiorari in this case on application of the plaintiffs to review the correctness of a judgment of the trial court dated June 18, 1980 which ordered the above suit transferred to Division 2 of the Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana.
This is a concursus proceeding instituted by South Louisiana Contractors, Inc., (hereafter, SOLOCO) and its workmen's compensation insurer, Insurance Company of North America (hereafter, INA) seeking to have determined the amount of benefits owed as a result of the death of an employee, Jeff Freeman, and the parties legally entitled thereto.[1] In their petition plaintiffs allege the death of Jeff Freeman, an employee of SOLOCO, during the course and scope of his employment on May 28, 1979; the alleged earnings of the decedent and the compensation benefits due decedent's dependents; and, their inability to ascertain the exact relationship between the deceased employee and the twelve parties named as defendants. With the filing of the petition plaintiffs deposited into the registry of court the sum of $717.20, represented to be the maximum benefits due for the period May 28, 1979 through July 23, 1979, for the benefit of all or any of the defendants who may be decreed entitled thereto. Since the filing of suit plaintiffs have continued to deposit weekly benefits into the registry of court. Following institution of suit all parties made defendant filed answer. Pursuant to a motion by plaintiffs trial of this matter was fixed for May 13, 1980. On the day of trial defendants filed an exception of lis pendens which exception, although objected to by plaintiffs as untimely, was referred to the merits. The matter was fully tried on May 13, 1980 and taken under advisement by the trial court.[2] On May 27, 1980, some fourteen days following the trial and submission of the case, all defendants, except JoAnn Doucet Freeman, filed a pleading entitled "RULE TO SHOW *463 CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO ANOTHER DISTRICT COURT". The pleading sought the issuance of a rule ordering plaintiffs to show cause why this case should not be transferred to Division 2 of the 27th Judicial District Court, St. Landry Parish, Louisiana, in accordance with LSA-C.C.P. Article 123, to be consolidated and tried with a suit entitled Emma Williams Freeman, et al vs. Insurance Company of North America, Number 78250. The rule was fixed for hearing on June 17, 1980. Plaintiffs, defendants in rule, in response filed a motion to strike the rule for transfer of the case which was also fixed for hearing on June 17, 1980. On the latter date the court heard both rules and, without assignment of reasons, rendered judgment dismissing the motion to strike and ordering the case transferred to Division 2 of the 27th Judicial District Court. Formal judgment to the above effect was signed on June 18, 1980. This is the judgment the correctness of which we review on this writ grant.
Following our grant of a writ in this case respondents filed, for the first time in this court, an exception of no cause and/or right of action asserting as grounds therefor that Louisiana law makes no provision allowing the filing by an employer or workmen's compensation insurance carrier of a concursus proceeding to determine the benefits due a deceased employee's dependents. Although LSA-C.C.P. Article 2163 permits filing of a peremptory exception for the first time in the appellate court this article makes consideration of such an exception discretionary with the court. Turner v. State Dept. of Highways, 137 So.2d 456 (La.App. 2nd Cir. 1962); Gregory v. Hardwick, 218 La. 346, 49 So.2d 423 (La. 1950); Capital Loans, Inc. v. Stassi, 195 So.2d 670 (La.App.1st Cir.1967), writ denied, 199 So.2d 912 (La.1967). We decline to consider this exception because, in our view, no end of justice would be served by our consideration of the exception at this stage of the proceeding.
LSA-C.C.P. Article 123 provides as follows:
"For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictorily hearing, may transfer a civil case to another district court where it might have been brought, provided, however, that no suit brought in the parish of which the plaintiff is domiciled, and which court is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this article." (Emphasis ours)

It is clear from the explicit provisions of the cited article that a suit originally brought in a district court of proper venue can be transferred to another district court only after a contradictory hearing at which it is made to appear that the transfer is to be made to a court of proper venue and that such transfer will result in convenience to the parties and witnesses and further the interest of justice. Communication Counselors Network, Inc. v. Burger Chef of Louisiana, Inc., 291 So.2d 849 (La. App. 4th Cir. 1974); Wall v. American Employers Insurance Co., 250 So.2d 172 (La. App. 1st Cir. 1971). In the instant case we find these essentials lacking.
The workmen's compensation act (LSA-R.S. 23:1311) specifically provides that the venue in a proceeding for workmen's compensation is the situs of the accident or the domicile of the defendant. Ponthieux v. Lindsay, 216 So.2d 407 (La.App. 3rd Cir. 1968) writ granted, 253 La. 68, 216 So.2d 548; Affirmed, 254 La. 647, 226 So.2d 482. If an insurer or a governmental body is a defendant, then suit may also be filed at the plaintiff's domicile. LSA-R.S. 23:1312, 1313.
The Parish of St. Landry, the forum to which the judgment of June 1980 transfers this case, is neither the situs of the accident nor the domicile of the defendants. The record reflects that the accident occurred in Beauregard Parish and that all defendants are domiciled in the Parish of Evangeline.
Additionally, as aforestated, the Forum non conveniens provisions of our Code of Civil Procedure require a showing that such transfer will convenience the parties *464 and witnesses and serve the interest of justice. Such provisions clearly envision and imply that the right granted under LSA-C. C.P. Article 123 must be exercised within a reasonable time after suit is filed. In the instant case the matter was fully tried, submitted and taken under advisement by the district court prior to the filing of respondents' motion for a transfer. Even if the 27th Judicial District Court was a court of proper venue, at such stage of the proceedings, a transfer clearly would not serve the interests of the parties, witnesses or further the cause of justice.
Accordingly, for the foregoing reasons the writ of certiorari issued herein is made peremptory and the judgment of the Thirteenth Judicial District Court dated June 18, 1980 ordering a transfer of this matter to the Twenty-Seventh Judicial District Court is reversed, recalled and set aside and the motion for transfer is ordered dismissed. Further, this matter is remanded to the Thirteenth Judicial District Court for further proceedings in accordance with law and consistent with the views expressed herein. Costs of all proceedings in this court are taxed to respondents. All other costs are to await a final determination of this matter.
WRIT MADE PEREMPTORY, JUDGMENT REVERSED AND MATTER REMANDED.
NOTES
[1] In the petition IN A admits that at the time of accident a workmen's compensation insurance policy had been issued by it to SOLOCO affording coverage for injuries and/or death sustained by employees of the insured.
[2] The record was held open solely for the purpose of offering pertinent records of the Employer concerning wages actually earned by the employee.