EDWARDS, Judge.
From the trial court’s granting of defendants’ exception of prescription, plaintiffs have appealed.
FACTS AND PROCEDURAL HISTORY
Plaintiffs, Dr. James C. Christopher, Alton B. Decote, Dr. Harry John Kellerman, Nolan C. Miller, and Harry John Keller-man, as trustee,[1] are investors in an oil and gas venture put together by defendant, James L. Moore, the president of the additional defendant, Liberty Oil & Gas Corporation. Paul R. Kendrick, the liquidator of Frisco Oil & Gas, was also named as a defendant in the action.[2]
Sometime in 1973, Mr. Moore and Mr. Kendrick approached plaintiffs and offered them an opportunity to form an investment group for the purpose of speculating in land, property, mineral leases, royalties, and other related interests. Out of this association was formed the Frisco Oil & Gas Corporation (Frisco). On May 1, 1977, Frisco, represented by its president, Mr. Moore, purported to assign to defendant, Liberty Oil & Gas Corporation (Liberty), working interest in two mineral leases located in Pointe Coupee Parish. At the time of the conveyance, Moore was both the president of Frisco and the majority stockholder of Liberty. The act conveying the mineral interests to Liberty was not recorded until May 3,1984, at which time Mr. Moore was the sole stockholder and president of Liberty. Plaintiffs have filed suit claiming that the May 1, 1977, assignment, purporting to convey the interest in the mineral leases, was not authorized by a proper resolution of the Board of Directors of Frisco. Therefore, the assignment is invalid as a transfer, and the production from the leases in question are properly the property of Frisco, its heirs, or successors. Alternately, plaintiffs claim the assignment is subject to a prior assignment.[3] Plaintiffs have also asked for an accounting.
In response to these pleadings, defendants filed an exception of prescription.[4] The trial court granted defendants’ exception of prescription and dismissed plaintiffs’ suit. Plaintiffs appealed, and defendants filed an exception of no right of action with this court.
LAW
Prescription for actions which attack a transfer of immovable property by a domestic corporation are governed by LSA-R.S. 9:5681, which states, in part:
Any action to set aside a sale by a domestic or foreign corporation of immovable property located in this state on the ground that the officer or agent signing the sale was without authority to do so is prescribed by ten years, reckoning from the day the act of sale was recorded in the conveyance records. The prescription herein established for domestic corporations shall not become final and complete as to sales heretofore made until one year from the effective date hereof. (emphasis added)
Here, the act purporting to transfer the interest in the mineral leases in question was not recorded until May 3, 1984. Plaintiffs filed suit on February 25, 1987, well within the ten-year (10) prescription period allowed for by LSA-R.S. 9:5681. The judgment of the trial court granting defendants’ exception is reversed.
Defendants have also filed an exception of no right of action in this court, pursuant *787 to LSA-C.C.P. art. 2163, which provides, in part:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record, (emphasis added)
The exception of no right of action is a peremptory exception, which may be filed in the appellate court. LSA-C.C.P. art. 927. Nevertheless, LSA-C.C.P. art. 2163, by providing that the court may consider the exception filed at the appellate level, has granted to the court a large measure of discretion as to whether the court should or should not exercise its authority to decide the exception or to remand the case for a hearing in the trial court. Gregory v. Hardwick, 218 La. 346, 49 So.2d 423 (1950).
In this case, the question of the status of the plaintiffs, and of the transactions which led to the present suit, are better addressed at the trial court level after complete discovery and a hearing to review the evidence. The record reveals conflicting representations of the transactions involved, while not providing the source documents to classify properly either the transfer of the leases or the legal relationships between the plaintiffs and the defendants. The record also does not contain the documents of Frisco’s ongoing liquidation or the corporate resolutions which are the subject of this suit. Because LSA-C.C.P. art. 2163 provides discretion at the appellate court level, and only allows the court to decide the case if the proof of the exception is apparent on the record, we choose to decline to exercise that power at this time. Defendants are free to pursue the exception in the trial court after discovery and a hearing on the exception.
For the foregoing reasons, we reverse the granting of defendants’ exception of prescription and remand to the trial court for proceedings in accordance with law. All costs of this appeal to be taxed to defendants/appellees.
REVERSED AND REMANDED.
LANIER, J., concurs in the result.

. Harry John Kellerman is the trustee of the Harry John Kellerman Clifford Trust, to which an interest in the mineral leases in question were conveyed.

. Frisco Oil & Gas Corporation began dissolution on December 31, 1981. The dissolution is still pending.

. The petition and record are unclear as to the nature of the prior assignment. This lack of clarity will be addressed later.

.Defendants also filed, in the trial court, exceptions of lack of procedural capacity to proceed, prematurity, non-conformity with LSA-C.C.P. art. 596(2), (3), (4), and (5), no cause of action, no right of action, and lack of standing. Because the trial court reached only the question of prescription, this court will not address those exceptions not reached and not pleaded at the appellate level.