MARCUS v. CHECKER CAB CO., INC.

(February 11, 1929.   Opinion and Decree.)
(March 4, 1929.   Rehearing Refused.)

Fred S. Weis and Henry W. Robinson, of New Orleans, attorneys for plaintiff, appellee.

Paul L. Fourchy, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff was a passenger in a taxicab, owned and operated by defendant corporation. She was injured as a result of a collision between the cab and an automobile belonging to one Bousquet, during the afternoon of December 18, 1926, at about 5:00 P. M., at the intersection of Loyola Avenue and Octavia Street.

It is alleged that the driver of the taxicab was driving at a dangerous rate of speed, failed to stop at the intersection and failed to give the right of way to the automobile, which was approaching from his right as required by the Traffic Ordinance.

The defendant avers that the accident was due entirely to the fault of the driver of Bousquet's automobile and in no sense to the driver of the taxicab, who, it is claimed, complied with all traffic regulations.

It is also averred and proven that plaintiff settled her claim against Bousquet and it is contended that this settlement estopped her from bringing this suit. The trial court awarded plaintiff $540.50 and defendant has appealed.

The settlement with Bousquet contained a reservation of the right to recover against defendant. It is no bar to this suit. Orr & Lindsley vs. Hamilton, 36 La. Ann. 790; Rudison vs. Glover, 131 La. 381, 59 So. 817.

There is no question that plaintiff, a passenger in the taxicab has the right of recovery from either or both parties to the collision, upon proof of negligence on the part of either or both drivers. Whether Bousquet was negligent, or not, is immaterial, the sole question here being the negligence vel non of the driver of the taxicab. We, like the judge, a quo, are convinced that the speed of the taxicab was excessive; that the driver failed to sound his horn when approaching the intersection, and, that, the proper consideration was not given the Bousquet car, in view of the fact that it had the right of way under the traffic ordinance.

The amount awarded by the judgment does not appear excessive.

For the reasons assigned the judgment appealed from is affirmed.