REGAN, Judge.
Plaintiff, Angelo J. Spano, a laborer, instituted this suit on April 2, 1957, against the defendant, the Orleans Manufacturing Company, Inc., endeavoring to recover workmen’s compensation at the rate of $30 per week for a period of 400 weeks. In his petition, plaintiff asserted that he was totally and permanently disabled as the result of an injury which occurred on February 1, 1956, when he was attempting to lift a 500 pound casket and a lump appeared on the right side o.f his upper abdomen.
Defendant pleaded prescription[1] since the pleadings revealed that more than one year had elapsed between the date of the alleged accident and the date that the suit was instituted.
From a judgment in favor of the defendant maintaining the plea of prescription and dismissing plaintiff’s suit, he has prosecuted this appeal.
The defendant has answered the appeal and specially pleads res judicata[2] in addition to the initial plea of prescription.
The pertinent allegations appearing in plaintiff’s petition which provoked the plea of prescription are as follows:
“II
“That your petitioner was employed by the Orleans Manufacturing Com *901 pany, Incorporated on or about the 1st day of February, 1956, as a general laborer in the City of New Orleans, State of Louisiana.
“Ill
“That on the above date and while acting, within the course and scope of his employment, your petitioner while attempting to pick up a five hundred (500) pound casket, became suddenly weak and a lump appeared on the right side of his upper abdomen.
“IV
“That your petitioner, although weak, continued to work for the following two or three days.
“V
“That due to his inability to do the work required by his employer due to his injury, your petitioner was terminated from his employment.
“VI
“That on or about the 1st day of October, 1956, your petitioner while packing dishes for the United China Company sustained a recurrence of the injury described in article three of this petition.
* * * * * * “VIII
“That as a result of this accident, your petitioner alleges that he is totally and permanently disabled, and that said disability is solely the result of the above described accident * *
As related hereinabove the defendant pleaded the prescription of one year, and the trial judge expressed “the opinion that the exception of prescription of one year is well-founded, as reflected by the petition of plaintiff,” and accordingly dismissed his suit.
We have analyzed the pleadings, and we do not entertain the slightest doubt that plaintiff’s suit, which was commenced on April 2, 1957, was instituted more than one year after the date of the injury, which he asserted occurred on February 1, 1956; however, plaintiff’s counsel has laboriously argued in this court, despite the fact that no such allegation appears in his petition, that the seriousness of the injury did not manifest itself until October 1, 1956; and therefore since plaintiff’s suit was filed within a year of that date, his action is encompassed by the rationale of LSA-Revised Statutes § 23:1209, which reads in part as follows:
“ * * * Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
If the plaintiff had actually alleged that the seriousness of the injury which occurred on February 1, 1956, did not manifest itself until October 1, 1956, the plea of prescription would undoubtedly have been overruled. However, the pleadings are devoid of this allegation; plaintiff merely asserted that an accident occurred on February 1, 1956; as a result of that accident “a lump appeared on the right side of his upper abdomen,” 'and two or three days following the accident he was compelled to terminate this employment because of the injury. The pleadings make it quite evident that the plaintiff incurred no latent injury and he was fully aware of his alleged disability two or three days after the accident, or not later than February 4, 1956. It is clear therefore that a suit instituted on February 26, 1957, or as late as April 2, 1957, to recover compensation for an accident which plaintiff asserted occurred on February 1, 1956, could not interrupt the one year prescriptive period specified by LSA-Revised Statutes § 23:1209.
*902 Since we have sustained the plea of prescription, we find it unnecessary to consider the plea of res judicata.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. “In case of personal injury * * * all claims for payments sliall be forever barred * * * unless within one year after the accident proceedings have been begun. * * *” LSA-R.S. § 23:1209 (1950).

. The case under consideration is the second suit instituted by plaintiff to recover compensation. The first action was commenced February 26, 1957, in the Civil District Court for the Parish of Orleans. The Employers’ Liability Assurance Corporation, compensation insurer of Orleans Manufacturing Company, Inc., was the only defendant named therein. The insurer removed the case to the United States District Court for the Eastern District of Louisiana and thereafter filed a motion for summary judgment predicated on the fact that the case was prescribed, the accident having allegedly occurred February 1, 1956, and the suit having been filed on February 26, 1957. On June 20, 1957, the federal court sustained the motion and dismissed plaintiff’s suit as prescribed, all of which appears from a true copy of plaintiff’s petition and a certified copy of the judgment made part of the answer to the appeal.