REGAN, Judge.
Plaintiffs, Henry A. Rickerfor, Roland Rickerfor, Lionel Rickerfor and Issac C. Ally, Jr., instituted this suit against the defendant, Mrs. Edna G. Rickerfor as admin-istratrix of the estate of her deceased husband, Alfred G. Rickerfor, endeavoring to procure what has been designated as a declaratory judgment, compelling the defendant to return to plaintiffs a certificate representing ten shares of stock in Chal-mette Builders and Supply, Inc., which was pledged to decedent before his death to secure a $1,000 loan, and this amount, together with accrued interest, was deposited in the registry of court.
Defendant pleaded the exceptions of no right or cause of action and non-joinder of indispensable parties defendant. The court referred the exceptions of no right or cause of action to the merits and overruled the exception of nonjoinder of parties defendant.
Defendant then answered and asserted that the stock in question was purchased by Alfred Rickerfor and issued in Henry’s name for convenience. In the alternative, should the court find Henry the original owner, then defendant traced the estate’s title to the fact that the certificate, issued in Henry’s name, was indorsed in blank by him and in Alfred’s possession, and under the Uniform Stock Transfer Act,[1] endorsement in blank, coupled with delivery, effectively transferred title from Henry to Alfred Rickerfor.
From a judgment in favor of the plaintiffs as prayed for, defendant has prosecuted this appeal.
Chronologically stated, the facts from which this litigation developed are these:
On March 15, 1947, the Chalmette Builders & Supply, Inc., incorporated with a total stock subscription of $40,000, represented by 400 shares of stock selling at $100 per share. Initially, C. E. Colomb subscribed to 200 shares, Alfred Rickerfor, 180, John A. Barrett, 10 shares, and Henry Rick-erfor, 10 shares. The entire $40,000 was deposited to the corporation’s account by Alfred Rickerfor; certificates representing the above enumerated shares were issued to each stockholder, and they in turn pledged their stock to Alfred Rickerfor as security for the money he loaned them for the purchase thereof.
Henry Rickerfor received his stock certificates in the latter part of March. On April 6, 1947, at his brother, Alfred’s request, he executed a promissory note, payable to Alfred G. Rickerfor, for $1,000 with interest at 4% per annum. Simultaneously, Henry Rickerfor endorsed his stock certificate in blank and gave it to his brother. On the back of the note appeared the following inscription: “This note secured by ten shares of stock of the Chalmette Builders & Supply Co., Inc.”
On April 17, 1947, C. E. Colomb executed a note for $20,000 to Alfred Rickerfor to evidence a loan to the maker, and when this *322 loan was liquidated by Colomb, he received the cancelled note from Rickerfor.
On April 1, 1954, the ten shares of stock owned originally by John Barrett were transferred to Alfred Rickerfor and this transfer was noted on the books of the corporation.
The minutes of the corporation show that Henry Rickerfor served as vice president of this corporation from March 31, 1947, continuously and still held that position at the time of the trial. According to C. E. Col-omb, secretary, all officers of the corporation are required to be stockholders. The corporation’s stock book did not indicate that any of the stock had been pledged.
Alfred G. Rickerfor died intestate on September 16, 1957, and on December 23rd of that year, his widow, Edna Rickerfor, was appointed administratrix by the court, as is evidenced by letters of administration issued to her. The record discloses that the administratrix has never been discharged.
On April 16, 1958, Henry Rickerfor’s wife died, her succession was opened and an undivided one-half interest in the stock was listed as an asset of her estate, since it was acquired during the community existing between Henry and his wife. Included as a debt of the estate was the $1,000 note payable to Alfred. By virtue of a judgment of possession dated May 23, 1958, Henry Rickerfor was recognized as owner of one-half of this stock in his own right, and the decedent’s children, Roland and Lionel Rickerfor, were recognized as owners of an undivided one-sixth interest in this stock, subject to the usufruct of their father. Issac C. Ally, Jr., a child of Henry’s wife by a prior marriage, was recognized as owner in full of an undivided one-sixth interest in this stock.
On May 29, 1958, plaintiffs tendered a certified check to Mrs. Edna Rickerfor for $1,445.24, representing the principal and interest due on the note to redeem the pledged stock; however, she refused to return the stock, insisting that it was an asset of the succession.
Thereafter, plaintiffs instituted this suit, asking the court by virtue of a declaratory judgment to recognize their ownership of the ten disputed shares and then compel the defendant, upon tender of principal and interest, to return the stock to them.
Defendant’s counsel reurges the exceptions of no right or cause of action, arguing that an action for declaratory relief will not lie when the plaintiffs have an adequate remedy provided by the procedural law of this State.
Turning our attention to the exceptions of no right or cause of action, we are of the opinion that they should be overruled. In doing so we are fully cognizant of a recent expression enunciated by the Supreme Court,[2] and the other cases which spawned this rationale, that declaratory relief will not lie when the plaintiffs possess an adequate remedy provided by the procedural law of this state.
It is true that plaintiffs asserted that this suit was instituted in conformity with the provisions of the Uniform Declaratory Judgments Act.[3]
However, an analysis of the plaintiffs’ petition and the prayer thereof discloses that it possessed all of the procedural requirements of a direct action. The plaintiffs not only requested that the Court determine the ownership of the stock, but also that it order the defendant to return the stock, issued in the name of Henry A. Rick-erfor, to the plaintiffs, and in turn, plaintiffs would pay to defendant the sum of $1,445.-24, which was the principal amount plus accrued interest due on the note, which the *323 stock was initially pledged to secure. Therefore, while the plaintiffs, through an error of semantics, may have designated this as a suit requesting declaratory relief, in reality and actuality it was a direct action and the judgment rendered herein, which not only declared plaintiffs to be the owners of the stock hut ordered the return thereof to them upon payment to the defendant of the amount reflected by the note, confirms this fact.
In contradistinction, a declaratory judgment is one which simply establishes the rights of the parties or expresses the-opinion of the court on a question of law, without ordering anything to be done, its distinctive characteristic being that the declaration stands by itself and no executo-ry process follows as a matter of course. The action is therefore distinguished from a direct action in that it does not seek execution or performance from the defendant or the opposing litigants.
Defendant’s counsel further maintains that if the action for declaratory relief is the proper proceeding for litigating this dispute, then the exception of non-joinder of necessary parties defendant lies. He argues that under the rules governing intestate successions, Mrs. Edna Rickerfor acquired one half of the community in her own right and the other half was inherited by Audrey G. Rickerfor, wife of Louis Saladino, subject to the usufruct of her mother. Counsel, therefore, concludes that since both parties have a vested interest, the wife should be sued in her capacity as -owner and heir and the daughter, as heir or naked owner of her father’s estate.
We are likewise of the opinion that the exception of non-joinder of parties defendant should be overruled. It is almost too well-settled to need citation in support thereof that personal actions may be brought against the administrator as the representative of the estate of the decedent.[4]
On the merits, counsel for defendant maintains that the above described transaction, in which ten shares were .issued in Henry’s name, was one of convenience. To support this contention he points to the uncontroverted testimony, that Henry neither attempted to repay the loan evidenced by the note nor did he request the return of his stock until the tender was made by his attorney more than eleven years after the alleged pledge was made. Alternatively, defendant asserts ownership through the endorsement in blank by Henry Rick-erfor and the subsequent delivery of the stock certificate.[5]
The trial judge, in rendering his written" reasons for judgment, asserted that:
“The dispute between the plaintiffs and defendant as to the ownership of the stock is clear cut. The Court finds the following facts from the evidence adduced and from the documents introduced into the record:
*324 “1. That Henry A. Rickerford, during his marriage to Mrs. Alberta D. Lorentz Rickerfor, who died on April 16, 1958 (survived by petitioners Roland H. Rickerfor, Lionel A. Ricker-for, and Issac A. Ally, Jr.) subscribed for 10 shares of the capital stock of the Chalmette Builders and Supply, Inc., when that corporation was organized.
“2. That Alfred G. Rickerfor loaned Henry A. Rickerfor $1,000 to purchase said 10 shares of stock, and to evidence the said loan, Henry A. Rickerfor subscribed his note to the order of Alfred G. Rickerfor for $1,000 and secured the note by pledge of certificate No. 2, for 10 shares of Chal-mette Builders and Supply, Inc/s capital stock, dated March 15, 1947, issued in the name of Henry A. Rickerfor.
“3. That the said note secured by the pledge of the stock of Chalmette Builders and Supply, Inc., as evidenced by certificate No. 2, is still due and unpaid by virtue of the pledge which remains in effect.
“4. That the charter of the Chal-mette Builders and Supply, Inc. requires directors of said corporation» to be stockholders.
“5. That Chalmette Builders and Supply, Inc.’s records show that at all times from March 15, 1947, when the corporation was organized, to date, Henry A. Rickerfor was the registered owner of 10 shares of its capital stock, as evidenced by certificate No. 2, dated March 15, 1947, and from March 15, 1947 to date, Henry A. Rickerfor was elected annually to the Board of Directors, and served as Vice-President of the corporation.”
The trial court concluded by asserting that it:
“ * * * will enter judgment into the record recognizing Henry A. Rick-erfor, Roland H. Rickerfor, Lionel A. Rickerfor, and Issac A. Ally, Jr. as the owners of said stock represented by certificate No. 2, and the administra-trix of the Succession of Alfred G. Rickerfor will be required to surrender and deliver said stock to the declared owners upon their paying the principal amount of said note, plus interest at 4 per cent from date until paid.”
The ultimate question which this appeal has posed for our consideration is whether that finding and conclusion of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony adduced herein. Suffice it to say that our analysis of the record convinces us that the evidence fully supports the facts found and the conclusion predicated thereon by the trial court; therefore, the judgment is correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. LSA-R.S. 12:521 et seq.

. Orleans Parish School Board v. City of New Orleans, 1959, 238 La. 748, 116 So. 2d 609. For an apparent contradiction of this rationale see Gueno v. Medlenka, La., 1960, 117 So.2d 817. In this case plaintiffs obviously possessed an adequate remedy under the procedural law of this State, yet they were afforded declaratory relief. See also 17 L.L.R. 382.

. LSA-R.S. 13:4231 et seq.

. After this matter was argued and submitted, Audrey G. Rickerfor, wife of Louis J. Saladino, filed a petition of intervention in this court, alleging that she was an indispensable party to this action and urging us to remand this dase in order to allow her to present a defense to this action.
In Sehreiber v. Beer’s Widow, 1922, 150 La. 676, 691, 91 So. 149, 155, the court held that the legal heirs were proper parties defendant in claims against the estate only where no administrator had been appointed. See also Code of Practice Article 120 (last paragraph).
As to counsel’s contention that the administrator does not control the' assets of the entire community, the opposite conclusion was reached in Succession of Bertrand, 1909, 123 La. 784, 49 So. 524, wherein the court held that quoad the administration, the entire community was considered as comprising the estate.

. Obviously this contention is fallacious for the reason that the trial court found as a fact that it was the intention of the parties that the stock be indorsed in blank by Henry Rickerfor and given to Alfred Rickerfor merely as a pledge to secure a loan of $1,000, as is clearly evidenced by the note and the inscription on .the back thereof.