258 So.2d 555 (1972)
George GULOTTA et al.
v.
Lelia O. CUTSHAW.
No. 8677.
Court of Appeal of Louisiana, First Circuit.
January 31, 1972.
Rehearing Denied March 22, 1972.
Writ Granted April 18, 1972.
*556 William O. Templet, of Middleton & Templet, Plaquemine, for appellant.
Joseph B. Dupont, of Dupont & Dupont, Plaquemine, for appellees.
Before LANDRY, BLANCHE and TUCKER, JJ.
LANDRY, Judge.
Defendant appeals from a declaratory judgment rendered in favor of plaintiffs decreeing null and void, for lack of assessment, a tax sale to defendant's author in title, and decreeing plaintiffs owners of certain real property situated in Iberville Parish. We reverse and dismiss plaintiffs' action as of nonsuit on the ground that an action for declaratory judgment is not appropriate in this instance.
The allegations of plaintiffs' petition and the evidence show that petitioners claim ownership of property described as the first and second lots 14, Marengo Subdivision, Iberville Parish, each containing 25 acres of land, as heirs of Carlo Gulotta, husband of Mary C. Gulotta. The property was acquired by Gulotta on December 21, 1904. Subsequently Gulotta conveyed a one-third interest in the land to third parties but reacquired same in 1907. The property was duly assessed in Gulotta's name for the years 1907 through 1911, and taxes paid thereon. Thereafter the property disappeared from the tax rolls of Iberville Parish and did not reappear thereon until 1958, in which year it was assessed in the name of the Estate of Walter S. Row. Taxes assessed in Row's name for the year 1958 were not paid, the property was duly advertised for sale for nonpayment of the taxes assessed in Row's name, and sold to defendant Lelia O. Cutshaw on March 20, 1959, after full compliance with all legal requirements. Neither plaintiffs nor defendant *557 were in physical possession of the property when this action was instituted.
It is alleged and conceded that Row had no record title of subject property when the assessment thereon was made in his name for the year 1958. Judgment was rendered December 10, 1951, placing Row's heirs in possession of his estate. The judgment does not include subject property. It appears, however, from argument of counsel for defendant before the trial court that in a proper action, when the tax sale is directly attacked, that subject tracts were inadvertently omitted from a sale wherein Row acquired other tracts in Marengo Subdivision.
The date of Carlo Gulotta's death is not of record. The judgment of possession rendered in his succession August 3, 1925, does not include subject property. On February 23, 1959, judgment of possession was rendered in the Succession of Angelina Gulotta, daughter of Carlo and Mary C. Gulotta, and wife of Antonio Rizzo, recognizing her named children as owners of their mother's share in subject property, and placing them in possession thereof. By judgment dated June 18, 1962, judgment was rendered in the Succession of Mary C. Marino, widow of Carlo Gulotta, recognizing plaintiffs as owners of all said decedent's interest in subject property. On February 19, 1959, supplemental judgment was rendered in the Succession of Carlo Gulotta recognizing his widow, M. Marino Gulotta, and the remaining plaintiffs herein, as decedent's heirs, and as such, owners and entitled to possession of subject property in certain proportions. By letter dated March 23, 1960, the assessor of Iberville Parish directed the Sheriff to assess subject property to plaintiffs for the years 1957, 1958 and 1959. Pursuant thereto the property was placed on the rolls as directed and taxes for the years 1957, 1958, and 1959 paid thereon that same date by plaintiffs. Since defendant's acquisition in 1959, taxes on subject property have been annually assessed to her and paid. The property has also been assessed to plaintiffs for the years 1957, to date, it being noted, however, that taxes assessed to plaintiffs for the years 1957, 1958 and 1959 were not assessed and paid until March 23, 1960, after defendant had acquired the property at a tax sale.
Plaintiffs' petition alleges a dispute of ownership, that a justiciable issue exists between the parties, and that plaintiffs are entitled to a declaratory judgment determining the rights of the litigants regarding the property. It is significant that nowhere in plaintiffs' petition is the tax sale to defendant assailed as being void. The sole reference to any purported infirmity in defendant's tax title is contained in paragraph 8 of the petition which reads in full as follows:

"8.
The following described property, appeared again on the tax rolls in the year 1958, without an indication of acquisition by Row such as a sale, succession, etc., in the estate of Walter S. Row and was sold for taxes, March 20, 1959, in sale #6886, recorded in C. B. 148, E. 204, for $15.28 to Leila O. Cutshaw and has been assessed in Leila O. Cutshaw's name ever since, to-wit:
"`Front and back lot 14 plantation Maringo 50 acres.'"
During trial plaintiffs attempted to introduce evidence: (1) which would show that defendant was in bad faith and guilty of fraud in conspiring to have the property assessed in Row's name for the year 1958, knowing that Row had no interest in the land, and (2) that the tax sale was an absolute nullity and therefore not immune from attack after expiration of the five year prescriptive period provided for in La.Const. Art. X, Section 11.
Defendant timely objected to any and all evidence which would show her alleged fraud or that the tax sale in question was an absolute nullity and therefore exempt from the effect of the prescriptive period of the cited constitutional provision. The *558 basis of defendant's objections was that such proof would constitute a prohibited enlargement of the pleadings. Counsel for defendant pointed out to the trial court that the petition was devoid of either allegations of fraud or contention that the tax sale was a nullity and should be declared so.
Over defendant's objections, the trial court permitted plaintiffs to introduce evidence to establish fraud on defendant's part. After hearing the evidence, the court concluded plaintiffs failed to prove the charge and dismissed this issue from the suit.
Despite defendant's timely objection, the lower court also permitted plaintiffs to introduce evidence to establish that the estate of Walter S. Row never owned an interest in subject property because the records of Iberville Parish failed to disclose any acquisition of the land by said decedent. Despite defendant's protests that the evidence was inadmissible because the tax sale was not directly attacked as being void, the lower court also ruled that evidence of Row's lack of ownership was admissible. The court so held on the ground that an assessment in the name of one who has no title to property is an absolute nullity as reputedly held in Gilmore v. Frost-Johnson Lumber Company, 139 La. 354, 71 So. 536; Cordill v. Quaker Realty Co., 130 La. 933, 58 So. 819; Lague v. Boagni, 32 La.Ann. 912; Robertson v. Zor, Inc., 174 So.2d 154; Nipper v. Ferguson, La.App., 148 So.2d 316; Scheller v. Goode, La.App., 69 So.2d 96. Finding the sale an absolute nullity, the trial court reasoned it was not subject to the five year prescriptive period provided for by the above cited constitutional provision. On this basis, the lower court held the tax sale null and rendered judgment decreeing plaintiffs owners of the property in dispute.
In brief and oral argument before this court, counsel for defendant urges that the trial court erred in admitting evidence to establish the alleged nullity of the tax sale to defendant because such evidence enlarged the pleadings. Although counsel for defendant has filed no plea of prescription either in the trial court or this court, he contends before us that the trial court also erred "in allowing plaintiffs to introduce any evidence whatsoever to attack the validity of a tax sale which appears to be regular on its face and which had been duly recorded more than five years prior to the time of the filing of the suit."
In effect the action of the trial court was tantamount to disposing of the issue of the alleged invalidity of the tax sale as though defendant had pleaded the constitutional prescriptive period of five years in bar of any attack thereon. In so doing, the lower court was manifestly in error. The plea of prescription is a peremptory exception which must be specially pleaded. LSA-C.C.P. art. 927. A court may not supply a plea of prescription which must be specially pleaded, even though it may appear valid. Gallo v. Sorci, La.App., 221 So.2d 570. Nor can defendant's reference to a plea of prescription in brief before this court take the place of an express peremptory exception of prescription. LSA-C.C.P. art. 927. We must therefore consider this matter as though no plea of prescription is before us in this instance.
It is settled jurisprudence that a litigant is not entitled to institute an action for declaratory judgment as a matter of absolute right. LSA-C.C.P. art. 1871 states that the courts may entertain an action for declaratory judgment notwithstanding the existence of other forms of relief when an action for declaratory judgment is an appropriate remedy.
The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. The distinctive characteristic of a declaratory judgment is that it stands by itself, and no executory *559 process follows as a matter of course. A declaratory judgment action is distinguished from a direct action in that the former does not seek execution or performance from the defendant or the opposing litigants. Succession of Rickerfor, La. App., 120 So.2d 320.
Within its scope, our Declaratory Judgment Act provides a simplified procedural device for trial of all classes of civil cases and vests in the courts a wide discretion in each instance to determine whether the action is properly one for declaratory relief as distinguished from a direct action. Superior Oil Company v. Reily, 234 La. 621, 100 So.2d 888; State v. Board of Supervisors, Louisiana State University & Agricultural & Mechanical College, 228 La. 951, 84 So.2d 597.
Appellate, as well as trial courts, may exercise the broad discretionary power to decide whether a suit for declaratory judgment is one in which such relief may be appropriate. Orleans Parish School Board v. City of New Orleans, 238 La. 748, 116 So.2d 509; Michell v. Louisiana State Board of Optometry Examiners, La. App., 128 So.2d 825.
In legal effect the pleadings constitute this matter a petitory action wherein both plaintiff and defendant claim title to the property in dispute. This circumstance alone does not per se render an action for declaratory judgment inappropriate inasmuch as declaratory relief may be sought in any civil action. LSA-C.C.P. arts. 1871 and 3654. Rather, it is the nature of the relief sought and the character of the issues involved that determines whether an action for declaratory judgment is appropriate in a given case, or whether plaintiff should be required to bring a direct action under ordinary procedure. In addition, the intent of the Declaratory Judgment Act is to promote the simple, expedient trial of cases where the nature of the questions involved lend themselves readily to trial without the usual formalities to the end that resolution may be speedily achieved. The case at hand does not fall into that category.
In this matter, plaintiffs, while not expressly pleading the invalidity thereof, seek to attack as null a tax deed which appears regular on its face. As such, the tax title is clothed with the rebuttable presumption of validity. Gibbs v. Roos, La. App., 178 So. 674; State ex rel. McGregor v. Diamond, La.App., 167 So. 760. Defendant, while not expressly pleading prescription, takes the position that her tax deed may not be attacked on the ground advanced by plaintiffs because such attack is barred by prescription. In addition, plaintiffs have made the serious charge that defendant fraudulently participated in having property assessed to someone known by defendant not to have an interest therein. It is elementary that fraud, being extremely serious in nature, must be specially pleaded and proven by clear and convincing evidence.
We hold, therefore, that this case is not appropriate for trial pursuant to our Declaratory Judgment Law but one which, if tried, must be brought by a direct action pursuant to ordinary rules of procedure.
The judgment of the trial court recognizing plaintiffs as owners of the property involved in this litigation is annulled, reversed and set aside, and judgment rendered herein dismissing and rejecting plaintiffs' suit, without prejudice; all costs of these proceedings to be paid by plaintiffs in proportion to their asserted interests in subject property.
Reversed and rendered.