283 So.2d 482 (1973)
George GULOTTA et al.
v.
Lelia O. CUTSHAW.
No. 52364.
Supreme Court of Louisiana.
March 26, 1973.
On Rehearing September 24, 1973.
*483 Dupont & Dupont, Joseph B. Dupont, Sr., Plaquemine, for plaintiffs-applicants.
Middleton & Templet, William O. Templet, Plaquemine, for defendant-respondent.
BAILES, Justice.
Plaintiffs bring this suit for a declaratory judgment. Alleging that a justiciable controversy has arisen between the parties to this action as to the ownership of certain immovable property, plaintiffs pray that they be declared the legal owners of the subject property and that they be maintained in possession thereof free and clear of any claim of title or other rights thereby by the defendants.
In its judgment the district court decreed the plaintiffs the legal owners of the land in dispute and awarded judgment in favor of defendant for all monies expended by her in the purchase of the property at tax sale and other expenses amounting to $85.
On appeal, the Court of Appeal, 258 So. 2d 555, reversed the judgment of the trial court and dismissed plaintiffs' action as of non-suit on the ground that an action for declaratory judgment was not appropriate action in this instance but one which, if tried, must be brought by a direct action pursuant to ordinary rules of procedure.
Plaintiffs applied to this court for certiorari, or writ of review, directed to the Court of Appeal, First Circuit, which we granted, 261 La. 536, 260 So.2d 320.
The facts found by the Court of Appeal are reproduced here:
"The allegations of plaintiffs' petition and the evidence show that petitioners claim ownership of property described as the first and second lots 14, Marengo Subdivision, Iberville Parish, each containing 25 acres of land, as heirs of Carlo Gulotta, husband of Mary C. Gulotta. The property was acquired by Gulotta on December 21, 1904. Subsequently Gulotta conveyed a one-third interest in the land to third parties but reacquired same in 1907. The property was duly assessed in Gulotta's name for the years 1907 through 1911, and taxes paid thereon. Thereafter the property *484 disappeared from the tax rolls of Iberville Parish and did not reappear thereon until 1958, in which year it was assessed in the name of the Estate of Walter S. Row. Taxes assessed in Row's name for the year 1958 were not paid, the property was duly advertised for sale for nonpayment of the taxes assessed in Row's name, and sold to defendant Lelia O. Cutshaw on March 20, 1959, after full compliance with all legal requirements. Neither plaintiffs nor defendant were in physical possession of the property when this action was instituted.
"It is alleged and conceded that Row had no record title of subject property when the assessment thereon was made in his name for the year 1958. Judgment was rendered December 10, 1951, placing Row's heirs in possession of his estate. The judgment does not include subject property. It appears, however, from argument of counsel for defendant before the trial court that in a proper action, when the tax sale is directly attacked, that subject tracts were inadvertently omitted from a sale wherein Row acquired other tracts in Marengo Subdivision.
"The date of Carlo Gulotta's death is not of record. The judgment of possession rendered in his succession August 3, 1925, does not include subject property. On February 23, 1959, judgment of possession was rendered in the Succession of Angelina Gulotta, daughter of Carlo and Mary C. Gulotta, and wife of Antonio Rizzo, recognizing her named children as owners of their mother's share in subject property, and placing them in possession thereof. By judgment dated June 18, 1962, judgment was rendered in the Succession of Mary C. Marino, widow of Carlo Gulotta, recognizing plaintiffs as owners of all said decedent's interest in subject property. On February 19, 1959, supplemental judgment was rendered in the Succession of Carlo Gulotta recognizing his widow, M. Marino Gulotta, and the remaining plaintiffs herein, as decedent's heirs, and as such, owners and entitled to possession of subject property in certain proportions. By letter dated March 23, 1960, the assessor of Iberville Parish directed the Sheriff to assess subject property to plaintiffs for the years 1957, 1958 and 1959. Pursuant thereto the property was placed on the rolls as directed and taxes for the years 1957, 1958, and 1959 paid thereon that same date by plaintiffs. Since defendant's acquisition in 1959, taxes on subject property have been annually assessed to her and paid. The property has also been assessed to plaintiffs for the years 1957, to date, it being noted, however, that taxes assessed to plaintiffs for the years 1957, 1958 and 1959 were not assessed and paid until March 23, 1960, after defendant had acquired the property at a tax sale.
"Plaintiffs' petition alleges a dispute of ownership, that a justiciable issue exists between the parties, and that plaintiffs are entitled to a declaratory judgment determining the rights of the litigants regarding the property. It is significant that nowhere in plaintiffs' petition is the tax sale to defendant assailed as being void. The sole reference to any purported infirmity in defendant's tax title is contained in paragraph 8 of the petition which reads in full as follows:

"`8.
The following described property, appeared again on the tax rolls in the year 1958, without an indication of acquisition by Row such as a sale, succession, etc., in the estate of Walter S. Row and was sold for taxes, March 20, 1959, in sale # 6886, recorded in C.B. 148, E. 204, for $15.28 to Leila O. Cutshaw and has been assessed in Leila O. Cutshaw's name ever since, to-wit:
"Front and back lot 14 plantation Maringo 50 acres."'
"During trial plaintiffs attempted to introduce evidence: (1) which would show that defendant was in bad faith and guilty of fraud in conspiring to have the property assessed in Row's name for the year 1958, *485 knowing that Row had no interest in the land, and (2) that the tax sale was an absolute nullity and therefore not immune from attack after expiration of the five year prescriptive period provided for in La.Const. Art. X, Section 11.
"Defendant timely objected to any and all evidence which would show her alleged fraud or that the tax sale in question was an absolute nullity and therefore exempt from the effect of the prescriptive period of the cited constitutional provision. The basis of defendant's objections was that such proof would constitute a prohibited enlargement of the pleadings. Counsel for defendant pointed out to the trial court that the petition was devoid of either allegations of fraud or contention that the tax sale was a nullity and should be declared so.
"Over defendant's objection, the trial court permitted plaintiffs to introduce evidence to establish fraud on defendant's part. After hearing the evidence, the court concluded plaintiffs failed to prove the charge and dismissed this issue from the suit.
"Despite defendant's timely objection, the lower court also permitted plaintiffs to introduce evidence to establish that the estate of Walter S. Row never owned an interest in subject property because the records of Iberville Parish failed to disclose any acquisition of the land by said decedent. Despite defendant's protests that the evidence was inadmissible because the tax sale was not directly attacked as being void, the lower court also ruled that evidence of Row's lack of ownership was admissible. The court so held on the ground that an assessment in the name of one who has no title to property is an absolute nullity as reputedly held in Gilmore v. Frost-Johnson Lumber Company, 139 La. 354, 71 So. 536; Cordill v. Quaker Realty Co., 130 La. 933, 58 So. 819; Lague v. Boagni, 32 La. Ann. 912; Robertson v. Zor, Inc., La.App., 174 So.2d 154; Nipper v. Ferguson, La. App., 148 So.2d 316; Scheller v. Goode, La.App., 69 So.2d 96. Finding the sale an absolute nullity, the trial court reasoned it was not subject to the five year prescriptive period provided for by the above cited constitutional provision. On this basis, the lower court held the tax sale null and rendered judgment decreeing plaintiffs owners of the property in dispute."
While couched in different language, plaintiffs' assignment of errors is that the Court of Appeal erred in holding that the subject matter of this action is not appropriate for a declaratory judgment but should be instituted and prosecuted by a direct action pursuant to ordinary rules of procedure.
The Court of Appeal stated in its opinion:
"[3] It is settled jurisprudence that a litigant is not entitled to institute an action for declaratory judgment as a matter of absolute right. LSA-C.C.P. art. 1871 states that the courts may entertain an action for declaratory judgment notwithstanding the existence of other forms of relief when an action for declaratory judgment is an appropriate remedy.
"[4-6] The function of a declaratory judgment is simply to established the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. The distinctive characteristic of a declaratory judgment is that it stands by itself, and no executory process follows as a matter of course. A declaratory judgment action is distinguished from a direct action in that the former does not seek execution or performance from the defendant or the opposing litigants. Succession of Rickerfor, La.App., 120 So.2d 320."
Apparently what caused the Court of Appeal to conclude that an action for declaratory judgment was not appropriate in this suit was the prayer of the plaintiff to be maintained in their possession of the property free and clear of any claim of title *486 or other rights therein by said defendant, for the Court of Appeal stated:
"[8-10] In legal effect the pleadings constitute this matter a petitory action wherein both plaintiff and defendant claim title to the property in dispute. This circumstance alone does not per se render an action for declaratory judgment inappropriate inasmuch as declaratory relief may be sought in any civil action. LSA-C.C.P. arts. 1871 and 3654. Rather, it is the nature of the relief sought and the character of the issues involved that determines whether an action for declaratory judgment is appropriate in a given case, or whether plaintiff should be required to bring a direct action under ordinary procedure. In addition, the intent of the Declaratory Judgment Act is to promote the simple, expedient trial of cases where the nature of the questions involved land themselves readily to trial without the usual formalities to the end that resolution may be speedily achieved. The case at hand does not fall into that category."
A plaintiff in a petitory action has not accomplished the desired end result by being decreed the owner of certain property, if such recognizition is not executory, for in an ordinary petitory action execution of the judgment follows as a matter of course or as a necessary incidental of the judgment.
What prompted the issuance of writs in this case was the action of the Court of Appeal in rendering the judgment of nonsuit, rather than proceeding with an adjudication of the rights of the parties as though the suit was initiated as a petitory action.
In Erath Sugar Company, Ltd. v. Broussard, 240 La. 949, 125 So.2d 776, wherein the Court of Appeal had dismissed the plaintiff's suit on its finding that under the (then existing) provisions of the Uniform Declaratory Judgment Act (RS 13:4231, 4246) an adequate remedy was available within the framework of our procedural law (this being in reality a petitory action), this court held, on page 777, that:
"[1,2] The system of fact pleading prevails in Louisiana. Under this system, pleading is the `handmaid rather than the mistress' of justice. Unduly harsh or technical rules of pleading are not favored. Each pleading must be reasonably construed as to afford the litigant his day in court, arrive at the truth, and do substantial justice. West v. Ray, 210 La. 25, 26 So.2d 221; Seale v. Stephens, 210 La. 1068, 29 So.2d 65; Florida Molasses Co. v. Berger, 220 La. 31, 55 So.2d 771; Breaux v. Laird, 230 La. 221, 88 So.2d 33. The characterization of the action by the parties is not controlling. State ex rel. Matt v. Rightor, 37 La.Ann. 843; Pfister v. St. Bernard Cypress Co., Limited, 155 La. 575, 99 So. 454; Schoultz v. Keller, 10 La.App. 138, 120 So. 232. In the present case, the respondent concedes, both in brief and argument, that all of the essential allegations of a petitory action are present in the petition. The prayer clearly seeks executory and coercive relief characteristic of a direct action. A consideration of the petition leads to the inevitable conclusion that the proceeding is in fact a petitory action. The recitals of the petition relating to the declaratory judgments act2 must be treated as surplusage.
2. Inasmuch as this action is maintainable under the present jurisprudence, the question of the applicability of Article 1871 of the LSA-Code of Civil Procedure (Act 15 of 1960) effective January 1, 1961, is pretermitted.
They do not vitiate the pleading since it is otherwise sufficient for a petitory action. The case of Succession of Rickerfor, supra, announces a salutary rule which is here adopted as decisive of the issue presented. Therein it was held:
"`Therefore, while the plaintiffs, through an error of semantics, may have designated this as a suit requesting declaratory relief, in reality and actuality it was a direct action and judgment rendered *487 herein, which not only declared plaintiffs to be the owners of the stock but ordered the return thereof to them upon payment to the defendant of the amount reflected by the note, confirms this fact.' [120 So.2d 323]."
We find our action and the reasons therefor in the Erath case, supra, controlling of our action herein. Although in their petition plaintiffs recite that they seek a declaratory judgment decreeing them owners of the property and in their prayer are seeking execution of the judgment, their demand should have been treated and disposed of as a petitory action. As we see it, no useful purpose would be served by remanding the case for decision to the Court of Appeal. The case was fully tried in the district court and the entire record is before us. We will proceed to consider the merits of the case and render judgment thereon.
The defendant has filed in this court an exception of five year prescription the basis of which is that the plaintiffs attack on the tax deed by which defendant acquired title is barred by the preemptive period of five years, as provided by the Louisiana Constitution, Article 10, Section 11, as amended.
As noted by the Court of Appeal, supra, the plaintiffs in their pleadings have not alleged fraud nor have they assailed, as being void, the tax sale by which defendant acquired the property.
Objection was timely made by defendant to all evidence offered for proof of either ground of attack, thus there was no enlargement of the pleading to admit of such proof. The trial court did not find any fraud on the part of the defendant, however, it did consider evidence to support the plaintiffs' verbal in court assertion that Row at no time owned an interest in subject property. It was on the basis of this erroneously admitted evidence that the trial court found there was no assessment of the property and therefore no peremption applicable.
By treating this suit as an ordinary petitory action with both parties being out of actual physical possession of the property, the plaintiff must establish the better title in order to be declared the owner. See C.C.P. Article 3653.
In the absence of a direct attack on the validity of the tax deed by which defendant acquired the property, considering that there was an actual assessment of the property for taxation and taxes were due thereon to the state and parish, and that there was an actual tax sale of the property to the defendant evidenced by the formal tax deed, there is a presumption that the sale is valid.
Further, in the absence of such a direct attack, there is a constitutional mandate that "all deeds of sale made, or that may be made, by the collectors of taxes, shall be received by courts in evidence as prima facie valid sales." See Louisiana Constitution, 1921, Article 10, Section 11.
The case of Jackson v. Hanna, La.App., 206 So.2d 779, correctly sets forth the jurisprudential interpretation of the five year peremption provided in Article 10, Section 11 of the Louisiana Constitution, wherein the court stated:
"[2] The exceptions of peremption which may arise under the constitutional provision are set forth in a great number of cases found in our jurisprudence which recognizes only three causes for which a debtor may set aside a sale of property for taxes after the lapse of five years after date of registration of the tax deed and these are: prior payment of taxes, continued physical possession by the debtor, and no assessment. Choate v. O'Brien, La.App., 163 So.2d 157 (4th Cir. 1964); Ewald v. Hodges, 239 La. 883, 120 So.2d 465 (1960); Mansfield Hardwood Lumber Company v. Butler, 234 La. 322, 99 So.2d 129 (1958); Staring v. Grace, La.App., 97 So.2d 669 (1st Cir. 1957); Stone v. Kimball's Heirs, 199 La. 240, 5 So.2d 758 (1942); Ward v. South Coast Corporation, *488 198 La. 433, 3 So.2d 689 (1941); Close v. Rowan, 171 La. 263, 130 So. 350 (1930)."
None of the exceptions is found in the instant case.
With plaintiff alleging that defendant acquired a tax title to the property in March 20, 1959, and this suit having been filed March 28, 1969, more than ten years post acquisition, and the plaintiff neither alleging nor proving prior payment of taxes and having made a judicial admission in testimony that plaintiffs were not in possession of the property, and there having been an assessment of property in the name of a tax debtor, the exception of five years prescription or peremption is sustained.
The sustaining of this exception obviates the necessity of discussing the plaintiffs' chain of title, all of which antedates the 1959 tax deed of defendant, which they allege as supportive of their title. Under this peremption in this case, there are no antecedents nor sequels which vitiates or invalidates defendant's title.
For the foregoing reasons the exception of five year peremption or prescription is sustained, and accordingly, the judgment of the Court of Appeal, First Circuit, is reversed and set aside and there is judgment herein rejecting the demands of the plaintiffs; all court costs to be paid by plaintiffs.
Reversed and rendered.
HAMLIN, C. J., dissents, being of the view that the matter should be remanded for the trial of all issues on the merits. See Art. 5051, C.C.P.

ON REHEARING
DIXON, Justice.
The petition alleges that plaintiffs are the owners of a certain fifty acre tract of land in Iberville Parish which was sold for taxes to defendant on March 20, 1959. The suit was filed February 28, 1969; the prayer is for a declaratory judgment of ownership. With one exception, the answer admitted the factual allegations (it developed that neither plaintiffs nor defendant had possession of the property), and, in turn, prayed for a judgment declaring the defendant to be the owner of the property.
The conflicting claims of ownership arose because the land was omitted from the tax rolls from 1912 to 1958, when it was assessed to one who was not the record owner, then sold for taxes to defendant in 1959.
The trial judge held that: the assessment of the property in the name of one who was not a record owner was equal to "no assessment;" such a sale was an absolute nullity; under such conditions the "constitutional peremption period of five years is not applicable." (Defendant had not filed a plea of prescription or peremption).
In the Court of Appeal the defendant argued in brief that the trial judge erred in holding that the five year period of Article X, § 11, Louisiana Constitution, did not protect her title from attack. No plea of prescription was filed. The Court of Appeal held that the "action of the trial court was tantamount to disposing of the issue of the alleged invalidity of the tax sale as though defendant had pleaded the constitutional prescriptive period of five years in bar of any attack thereon." La. App., 258 So.2d 555. Then the Court of Appeal nonsuited the plaintiffs for having brought their suit as a declaratory action.
Our original opinion held that the Court of Appeal erred in nonsuiting the plaintiffs' and should have treated the petition for declaratory relief as a petitory action and rendered judgment on the merits. We adhere to the principle that a court should consider the well pleaded facts and grant the relief to which the litigants are entitled, regardless of mistaken *489 designation of the pleadings by the litigants.
However, we clarify our original opinion, and now hold that there is no impediment which prevents these plaintiffs from obtaining the relief sought in this declaratory action. The scope of the declaratory judgment action is set out in C.C.P. 1871 and 1872:
"Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree."
"A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."
C.C.P. 3654 specifically provides for the case in which real rights are to be determined in an action for a declaratory judgment:
"When the issue of ownership of immovable property or of a real right is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right is so presented, the court shall render judgment in favor of the party:
"(1) Who would be entitled to the possession of the immovable property or real right in a possessory action, unless the adverse party makes out his title thereto; or
"(2) Who proves better title to the immovable property or real right, when neither party would be entitled to the possession of the immovable property or real right in a possessory action."
There is no showing in this record that declaratory relief is inappropriate; a judgment will terminate the uncertainty and controversy giving rise to the proceedings. C.C.P. 1876.
Although the constitutional five year peremptive period was argued and briefed by defendant in the trial court and the Court of Appeal, the Peremptory Exception of Prescription was not filed until after we had granted writs to plaintiffs, and after the record was lodged in this court. Plaintiffs argue that we cannot change the decree of the Court of Appeal to the benefit of the defendant since she did not apply for writs.
There has been no final determination of any issue in this case. Plaintiffs won in the trial court; a timely appeal was taken. The Court of Appeal reversed, rejecting plaintiffs' demands without prejudice. Plaintiffs applied for writs, which we granted. The case has been fully tried, and all the issues are before us.
C.C.P. 2163 provides:
"The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
"If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception."
*490 The comment to the article states that no change in the law is made by the article. C.P. 902 stated:
"Although in general parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it may depart from this rule, when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record.
"The prescription may be pleaded before the Supreme Court when the proof of it appears on the face of the proceeding in the lower court. But the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea."
The cases cited in the comment to C.C.P. 2163 hold that where a case is before the court on an appeal, the court has discretion to permit the assertion of a peremptory exception for the first time.
In Gregory v. Hardwick, 218 La. 346, 49 So.2d 423 (1950), the court states:
"In this court defendant (appellee) filed an exception of no cause of action, and he has argued it along with his exception of no right of action. It is doubtful that we are required to determine the exception of no cause of action filed here, inasmuch as a similar exception was not passed upon by the district court. Nevertheless, we have the right, under Code of Practice, Article 902 and the jurisprudence of this court, to entertain it; and we shall give it consideration, as well as the sustained exception of no right of action on which the district court's judgment of dismissal is based, particularly since appellants' counsel offer no serious objection to our so doing."
In Succession of Douglass, 225 La. 65, 72 So.2d 262 (1954):
"Under that codal provision, it will be noticed, this court has the right to consider appellants' exception; however, it is not obligated to do so, as clearly appears from the use of the discretionary vesting word `may.' To such effect was a ruling in Gregory v. Hardwick, 218 La. 346, 49 So.2d 423, 425 (respecting a similar exception filed here), we having therein observed: `In this court defendant (appellee) filed an exception of no cause of action, and he has argued it along with his exception of no right of action. It is doubtful that we are required to determine the exception of no cause of action filed here, inasmuch as a similar exception was not passed upon by the district court. Nevertheless, we have the right, under Code of Practice, Article 902 and the jurisprudence of this court, to entertain it; and we shall give it consideration, as well as the sustained exception of no right of action on which the district court's judgment of dismissal is based, particularly since appellants' counsel offer no serious objection to our so doing. * * *'"
Mr. McMahon writing in 15 La.L.Rev. 376, 393 (1955):
"As a general rule, appellate courts do not review issues which have not been presented to and considered by the trial courts. One exception to this rule, in civilian jurisdictions, is that appellate courts may consider any legal issue tendered by a peremptory exception filed in the appellate court. The Louisiana Code provision voicing this exception to the general rule provides that:
"`Although in general parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it may depart from this rule, when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record. (Italics supplied.)'"
A court hearing a case on a writ of certiorari should be considered an appellate *491 court within the purview of C.C.P. 2163. The Constitution in Article VII, § 11 directs:
"It shall be competent for the Supreme Court to require by writ of certiorari, or otherwise, any case to be certified from the Court of Appeal to it for review, with the same power and authority in the case as if it had been carried directly by appeal to the said court;...." (Emphasis added).
Thus, this court has the discretionary power to permit the assertion of peremptory exceptions under C.C.P. 2163 where they have not been previously asserted at a lower level.
This court has consistently held that it will not amend a judgment to the prejudice of the party at whose instance the writ issued where the opposing party has failed to make application seeking such an amendment. Francis v. Lake Charles American Press, 262 La. 875, 265 So.2d 206 (1972); Pennington v. Justiss-Mears Oil Co., 242 La. 1, 134 So.2d 53 (1961); Foley v. National Life and Accident Ins. Co., 183 La. 49, 162 So. 798 (1935); Black v. Louisiana Central Lumber Co., 161 La. 889, 109 So. 538 (1926). A judgment should not be amended to benefit parties who have failed to apply for review. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).
The limitation imposed upon amending judgments on certiorari is self-imposed and not required (except when a judgment might have become final) by the Constitution or statutes. The power to allow the filing of a peremptory exception under C.C.P. 2163 is discretionary. The better policy under the circumstances of this case is to allow the filing and determine the issues.
We are concerned here with whether a tax sale can be set aside more than five years after recordation of the tax deed, where the sale was made pursuant to an assessment in the name of a person who was not the owner of the property.
Article X, § 11 of the Louisiana Constitution provides:
"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted ... within five years from the date of the recordation of the tax deed, if no notice is given. The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid, provided that the provisions hereof shall not affect any pending suit, ..." (Emphasis added).
In addition to the exception to the peremptive period contained in the Constitution, two others have established themselves in the jurisprudence. First, where the tax debtor remains in actual corporeal possession of the property, the period does not run. Stevens v. Johnson, 230 La. 101, 87 So.2d 743 (1956); Cortinas v. Murray, 224 La. 686, 70 So.2d 589 (1954). Second, where there has been a lack of assessment, meaning lack of sufficient description of the property to identify it, time does not run. Ewald v. Hodges, 239 La. 883, 120 So.2d 465 (1960); Mansfield Hardwood Lumber Co. v. Butler, 234 La. 322, 99 So.2d 129 (1958); Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679 (1910).
Here there was no payment of taxes prior to the sale. In 1960, acting under the provisions of R.S. 47:1966, which governs listing and assessing property omitted from the tax rolls, plaintiffs authorized the assessment of the fifty acre tract in their names, and paid taxes for 1957, 1958 and 1959. Plaintiffs now seem to argue that a retroactive effect must be given the assessment and payment, in an apparent effort *492 to bring the case under the exception to the five year peremptive period. There is no statutory nor jurisprudential authority supporting such a construction, which would constitute an additional exception to the five year constitutional peremptive period.
The tax debtors did not remain in corporeal possession of the property. Actual corporeal possession is required. Plaintiffs granted a servitude in 1964, and there is testimony concerning a negotiation for a sale of the property. There is no other evidence of plaintiffs' possession.
There was no "lack of sufficient description" to identify the property. The property is easily identifiable, whether described as "Front and back" lot 14 of the Marengo subdivision, as in the tax deed, or "First and Second" lot 14, as appears in the chain of title. This case does not fit within any of the recognized exceptions.
The property was sold for nonpayment of taxes where the person to whom the property was assessed was not the owner. In Weber's Heirs v. Martinez, supra, this court stated:
"It has been held that it is immaterial for the purposes of the question to be here determined whether an assessment has been made in the name of one person or another, or in no name, or whether the owner, not in possession, has been notified of the intention to sell or has not been notified, or whether the sale has been advertised or has not been advertised. Canter v. Williams, 107 La. 77, 31 So. 627; Crillen v. N. O. Terminal Co., 117 La. 349, 41 So. 645; Little River Lumber Company v. Thompson, 118 La. 284, 42 So. 284."
See also, Yuges Realty v. Jefferson Parish Developers, Inc., 205 La. 1033, 18 So. 2d 607 (1944); Succession of Welsch v. Carmadelle, 264 So.2d 341 (La.App. 4th Cir. 1972); Vavoline Oil Co. v. Concordia Parish School Board, 216 So.2d 702 (La. App. 3rd Cir. 1968). Thus, the fact that property is assessed in the wrong name does not prevent the running of the five year peremptive period.
The period has run and the plaintiffs can no longer attack defendant's tax title.
Our original decree is reinstated as the judgment of this court.
CALOGERO, J., concurs.